THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA FARRIS, an individual and resident of Hawaii,<br><br>     Plaintiff,<br><br>v.<br><br>LUKE D'ANGELO, a California resident, STEVE COX, a California resident, APPTECH CORP, a Wyoming Corporation, and TRANSCENDENT ONE, INC., a Nevada Corporation.<br><br>     Defendants. | **Cause No.**<br><br>**COMPLAINT** |

Plaintiff Laura Farris brings the following Complaint against Defendants.

**I. THE PARTIES**

1. Plaintiff Laura Farris ("Farris") is a resident of Honolulu, Hawaii and a shareholder in AppTech Corp.

- 1

2. Defendant Luke D'Angelo is a California resident and majority shareholder in Defendant AppTech Corp and sits on the corporation's Board of Directors. Luke D'Angelo is the CEO.

3. Defendant Steve Cox is also a resident of California and a majority shareholder in Defendant AppTech Corp and sits on the corporation's Board of Directors. Cox is President.

4. Defendant AppTech Corp ("AppTech") is a Wyoming corporation with its primary place of business in California. AppTech merged with defendant Transcendent One, Inc., a Nevada Corporation. Transcendent One is a wholly owned subsidiary of AppTech.

## II.    JURISDICTION AND VENUE

5. Plaintiff restates and incorporates by reference each of the foregoing allegations.

6. On or about March 15, 2013 AppTech and Farris entered a contract titled a "Lock-Up/Leak-Out Agreement. That agreement, at paragraph 10, designates the U.S. District Court for the Western District of Washington, as the venue for any disputes arising from the agreement. The Agreement was formally submitted to the Financial Industry Regulatory Authority (FINRA).

7. The Lock-Up/ Leak-Out Agreement was signed by AppTech's Chief Executive Officer. It was approved by the new management of the surviving company, Steve Cox and Luke D'Angelo, at the closing of the merger with Transcendent One

8. The basis for this lawsuit is AppTech's breach of the Lock-Up/ Leak-Out Agreement.

- 2

9. Complete diversity exists between the parties and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C §1332, this Court has jurisdiction over the parties and venue properly lies in this Court.

### III.   FACTUAL BACKGROUND

10. Plaintiff restates and incorporates by reference each of the foregoing allegations.

11. In February 1, 2012, an individual by the name of Eric Ottens held a convertible promissory note payable by AppTech in the amount of $50,000. At his option, the shares could be converted to shares of common stock in AppTech at the share price of $.01 per share. On about May 6, 2013, Ottens assigned $25,000 of the promissory note to Farris in exchange for payment of $10,000 to be paid by May 2014. Ottens also conveyed to Farris the right he had to convert the $25,000 to shares of AppTech stock at the rate of $.01 per share.

12. To satisfy her obligation on the $10,000 promissory note owing to Mr. Ottens, but also to protect her investment, Ms. Farris will deposit that $10,000 with Clerk of Court registry to be held in trust until this dispute between Farris and AppTech is resolved.

13. In the March 2013 Lock-Up/ Leak-Out Agreement, AppTech agreed to convert Farris's interest in $25,000 of the promissory note to 2.5 million shares of common stock in the corporation.

14. On the 13th of March, 2013 the Board of Directors of AppTech issued a resolution agreeing to a merger with Transcendent One, a Nevada corporation.

15. On May 7, 2013 AppTech issued a document titled "Unanimous Consent of the Board of Directors of AppTech Corporation". That document recognized and approved the

conversion of the $25,000 owed by AppTech to Farris, and the issuance of 2.5 million shares in exchange for the $25,000 debt. The document was signed by Defendants Steve Cox and Luke D'Angelo. D'Angelo gave instructions to the transfer agent, Transfer Online, to issue physical shares to Laura Farris.

16. On or about August 14, 2013, AppTech issued an "Initial Issuer Information and Disclosure Statement Pursuant to Rule 15c2-11(a)(5) of the Securities Exchange Act of 1934." In this public disclosure statement, AppTech described in detail the transaction that resulted in the issuance of 2.5 million shares of AppTech stock to Laura Farris and to Eric Ottens. It also recognized the legitimacy and enforceability of the March 15, 2013 Lock-Up/ Leak-Out agreement. The document was signed by Steve Cox and Luke D'Angelo.

17. That same day, Cox and D'Angelo sent a letter addressed to Laura Farris and the transfer agent directing the transfer agent <u>not</u> to issue the physical shares of stock.

18. Beginning in August 2013, defendants Cox and D'Angelo began to take additional efforts to revoke AppTech's issuance of 2.5 million shares common stock to Laura Farris. Through March 2014 they have claimed, without legal basis, that the shares simply no longer exist and the corporation owes nothing to her on the promissory note. They have failed to provide any documentary evidence of that position. To the best of Plaintiff's belief, the shares are still sitting in the offices of the transfer agent.

19. The value of the stock shares has increased since they were issued, and, upon information and belief, have value in excess of $75,000.

- 4

### IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

20. Plaintiff restates and incorporates by reference each of the foregoing allegations.

21. Through the Lock-Out/ Leak-Up agreement, AppTech agreed to convert the $25,000 owed to Laura Farris through her purchase of 50% of the Otten promissory note to 2.5 million shares of common stock.

22. AppTech, through its Board of Directors composed of defendants Cox and D'Angelo, repeated confirmed in private and public documents that Farris was the legitimate owner of the shares.

23. By attempting to revoke its issuance of the 2.5 million shares, AppTech is in breach of contract.

24. Farris is entitled to damages in an amount to be proven at trial.

### V. SECOND CAUSE OF ACTION: CONVERSION

25. Plaintiff restates and incorporates by reference each of the foregoing allegations.

26. By attempting to revoke the issuance of the shares, Defendants AppTech, Cox and D'Angelo are liable to Farris under a theory of common law conversion.

### VI. THIRD CAUSE OF ACTION: VIOLATION OF STATE AND FEDERAL SECURITIES LAWS

27. Plaintiff restates and incorporates by reference each of the foregoing allegations.

28. By attempting to erase and cancel the shares of stock validly held by Farris, AppTech, Cox and D'Angelo are in violation of state and federal securities laws.

LAW OFFICES OF JAMES W. TALBOT
500 Yale Avenue North
Seattle, WA  98109
Phone:  (206) 905-7717
Fax:  (206) 319-4521

29. Defendants are liable to Farris and should pay damages in an amount to be determined at trial.

### VII. FOURTH CAUSE OF ACTION: DECLARATORY AND INJUNCTIVE RELIEF

30. Plaintiff restates and incorporates by reference each of the foregoing allegations.

31. Farris is entitled to a judicial declaration acknowledging her entitlement to the 2.5 million shares of AppTech common stock as has been or will be converted to shares in Transcendent One, and an injunction preventing Defendants from revoking the issuance of the stock shares.

### PRAYER FOR RELIEF

WHEREFORE, having stated her claims against Defendants, Plaintiff Laura Farris asks for the following relief:

1. That Defendants be held liable to Plaintiff in an amount to be proven at trial;

2. That the declaratory and injunctive relief identified above be ordered;

3. That Plaintiff be awarded her costs and attorneys' fees;  and

4. That the Court award such other and additional relief as the Court deems just.

DATED this 11th day of April 2014

LAW OFFICES OF JAMES W. TALBOT

//ss// James W. Talbot
James W. Talbot, WSBA No. 22082
Attorney for Plaintiff Laura Farris

## CERTIFICATE OF SERVICE

On this date, April 11, 2014, I served by the means identified below Plaintiff's Complaint for damages.

| | |
|---|---|
| Luke D'Angelo<br>Steven Cox<br><br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☒ Via E-Mail<br>☐ Via Electronic Filing | |

DATED April 11, 2014

//ss//
James W. Talbot, WSBA No. 22082

- 7

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, WA  98109
Phone:  (206) 905-7717
Fax:  (206) 319-4521