UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA FARRIS, | CASE NO. C14-560 MJP |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| LUKE D'ANGELO, et. al. | |
| Defendants. | |

THIS MATTER comes before the Court on Defendant AppTech Corporation, Luke D'Angelo, Steven Cox, and Transcendent One, Inc.'s ("Defendants") Motion to Dismiss Plaintiff Laura Farris's ("Plaintiff") suit. (Dkt. No. 21-1.) The Court considered the complaint (Dkt. No. 1), the motion (Dkt. No. 21-1), the response (Dkt. No. 25), the reply (Dkt. No. 29), and all attached documents. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's complaint.

## **Background**

Eric Ottens, a nonparty to this suit, held a convertible promissory note payable to him by AppTech Corporation ("AppTech") in the amount of $50,000. (Dkt. No. 1 at 3.) Under the promissory note, Mr. Ottens had the option to convert the $50,000 debt into AppTech stock at

par value of $0.01 per share.  (Id.)  On May 6, 2013, Mr. Ottens assigned $25,000 of the promissory note to Plaintiff in exchange for $10,000, to be paid by Plaintiff by May 2014.  (Id.)

Plaintiff alleges that Defendants issued or signed several documents between March and August of 2013 that recognize Plaintiff's right to convert her interest in the $25,000 promissory note to 2.5 million shares of AppTech stock:

- In a March 2013 "Lock-Up/Leak-Out Agreement," Defendants agreed to convert Plaintiff's interest in the promissory note to 2.5 million AppTech shares;

- Defendants issued a document on May 7, 2013 entitled "Unanimous Consent of the Board of Directors of AppTech Corporation" which recognized and approved the issuance of 2.5 million shares in exchange for the $25,000 owed by Defendants to Plaintiff;

- Defendants issued a public disclosure statement on August 14, 2013—"Initial Issuer Information and Disclosure Statement Pursuant to Rule 15c2-11(a)(5) of the Securities Exchange Act of 1934"—describing in detail the transaction that resulted in the issuance of 2.5 million shares to Plaintiff and Mr. Ottens.

(Dkt. No. 1 at 3-4.)

On August 14, 2013, Defendants sent a letter to Plaintiff and the transfer agent directing the transfer agent not to issue the shares to Plaintiff.  (Id. at 4.)   Plaintiff alleges claims for breach of contract, conversion, and violations of state and federal securities laws against Defendants arising out of their refusal to issue shares to her.  (Id. at 5-6.)  Plaintiff seeks declaratory and injunctive relief.  (Id.)  Defendants move to dismiss Plaintiff's complaint for: (1) lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); (2) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (3) failure to join an

1  indispensible party, Mr. Ottens under Federal Rule of Civil Procedure 12(b)(7).  (Dkt. No. 21-1

2  at 6-18.)

3                                              **Analysis**

4  **I.       Legal Standard for a 12(b)(1) Motion**

5          Federal courts are courts of limited jurisdiction.  <u>Gunn v. Minton,</u> ⸺ U.S. ⸺, 133

6  S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (citation omitted). As such, this Court is to presume

7  "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary

8  rests upon the party asserting jurisdiction."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511

9  U.S. 375, 377 (1994) (citations omitted). A Rule 12(b)(1) motion to dismiss for lack of subject

10 matter jurisdiction may be either "facial" or "factual."  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d

11 1035, 1039 (9th Cir. 2004).   A facial attack on subject matter jurisdiction is based on the

12 assertion that the allegations contained in the complaint are insufficient to invoke federal

13 jurisdiction.  <u>Id.</u>  "A jurisdictional challenge is factual where 'the challenger disputes the truth of

14 the allegations that, by themselves, would otherwise invoke federal jurisdiction.'"  <u>Pride v.</u>

15 <u>Correa</u>, 719 F.3d 1130, 1133 n. 6 (9th Cir. 2013) (quoting <u>Safe Air for Everyone</u>, 373 F.3d at

16 1039)).

17         **A.  Amount in Controversy Requirement**

18         Defendants challenge Plaintiff's claim that the amount in controversy in this suit exceeds

19 $75,000.  (Dkt. No. 21-1 at 6.)  Plaintiff's complaint asserts that there is federal diversity

20 jurisdiction pursuant to 28 U.S.C. §1332.  (Dkt. No. 1 at 3.)  Under Section 1332, "[t]he district

21 courts shall have original jurisdiction of all civil actions where the amount in controversy

22 exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of

23 different states."

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 3

1    Defendants make two arguments regarding the amount in controversy.  First, they make

2    a facial challenge to the Court's jurisdiction by alleging that the amount in controversy should

3    not be measured by the value of the AppTech shares but should instead be measured by the value

4    of the promissory note that Plaintiff acquired an interest in.  (Dkt. No. 21-1 at 6.)  Second,

5    Defendants make a factual challenge to the Court's jurisdiction by alleging that the value of the

6    shares does not exceed $75,000 because the shares are restricted.  (Id. at 8.)

7        Defendants first allege that because Plaintiff seeks declaratory and injunctive relief, the

8    Court must look to the value of the object of the litigation to determine the amount in

9    controversy.  (Id.)  Defendants allege that the object of the litigation is enforcement of the

10   promissory note between Plaintiff and Mr. Ottens valued at $10,000.  (Id.)  Defendants are

11   correct that the Court must look to the value of the object of this suit to determine the amount in

12   controversy.  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).  However, Plaintiff

13   seeks "a judicial declaration acknowledging her entitlement to the 2.5 million shares" and "an

14   injunction preventing Defendants from revoking the issuance" of the shares.  (Dkt. No. 1 at 6.)

15   The 2.5 million shares are the object of this suit.

16       Defendants' second argument is based on the declaration of AppTech Corporation's

17   president, Steven Cox.  (Dkt. No. 20 at 6.)  Defendants allege that Plaintiff's valuation of the

18   shares is "based on some intangible market value assuming future sale" when in fact "there is no

19   active market for the 2,500,000 of [sic] restricted stock."  (Dkt. No. 21-1 at 6, 8.)

20       Plaintiff has the burden of proving that the Court has subject matter jurisdiction,

21   including that the amount in controversy meets the jurisdictional minimum.  Stock West, Inc. v.

22   Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir.1989).  When a defendant factually

23   challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the

24

1   plaintiff's allegations and may consider evidence extrinsic to the complaint. See Terenkian v.

2   Republic of Iraq, 694 F.3d 1122, 1131 (9th Cir. 2012). "Once the moving party has converted the

3   motion to dismiss into a factual motion by presenting affidavits or other evidence properly

4   brought before the court, the party opposing the motion must furnish affidavits or other evidence

5   necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale

6   Union High Sch., 343 F.3d 1036, 1039 fn. 2 (9th Cir. 2003).

7       Plaintiff offers declarations and other evidence to support her position that the shares at

8   issue are worth more than $75,000. (Dkt. No. 26.) Plaintiff alleges that "the value of the stock

9   as of August 14, 2014 was $0.30 per share, making the amount in controversy over the 2.5

10   million shares worth $750,000." (Id. at 2.) Plaintiff has submitted an exhibit purportedly

11   showing the value of free trading AppTech shares on August 11, 2014. (Id. at 81.) Plaintiff does

12   not explain nor can the Court determine whether the value of these free trading shares is the

13   same as the value of the shares at issue which Defendants contend are restricted. Even if the

14   Court were to assume that value of the shares at issue is equal to the value of the free trading

15   shares, Plaintiff's evidence does not establish the fact of jurisdiction. Jurisdiction is determined

16   based on facts and circumstances at the time the complaint is filed in federal court. Mutuelles

17   Unies v. Kroll & Linstrom, 957 F.2d 707, 711 (9th Cir. 1992). Plaintiff filed her complaint on

18   April 15, 2014. (Dkt. No. 1.) Plaintiff cannot establish the fact of jurisdiction by alleging that

19   the present value of the shares exceeds the jurisdictional minimum.

20       Plaintiff's failure to establish the fact of diversity jurisdiction is not dispositive. The

21   Court considers whether it has federal question jurisdiction over this suit. In order for federal

22   question jurisdiction to exist, Plaintiff's complaint must have a claim "arising under the

23   Constitution, treaties, or laws of the United States." 28 U.S.C. § 1331. Plaintiff alleges one

24

1   claim under federal law, violation of federal securities laws.  (Dkt. No. 1 at 5.)  Defendants move

2   to dismiss Plaintiff's federal securities law claim under Federal Rule of Civil Procedure 12(b)(6).

3   **II.      Legal Standard 12(b)(6) Motion**

4          The Federal Rules require a plaintiff to plead "a short and plain statement of the claim

5   showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss,

6   a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

7   is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

8   Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual

9   content that allows the court to draw the reasonable inference that the defendant is liable for the

10  conduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 545) (further noting that

11  plausibility lies somewhere between allegations that are "merely consistent" with liability and a

12  "probability requirement").  In determining plausibility, the Court accepts all facts in the

13  complaint as true.  Barker v. Riverside County Office of Educ., 584 F.3d 821, 824 (9th Cir.

14  2009).  The Court need not accept as true any legal conclusions put forth by the plaintiff.  Iqbal,

15  556 U.S. at 678.

16          **A.  Federal Securities Law Claim**

17         Plaintiff alleges "[b]y attempting to erase and cancel the shares of stock validly held by

18  [Plaintiff], AppTech, Cox and D'Angelo are in violation of state and federal securities laws."

19  (Dkt. No. 1 at 5.)  Plaintiff does not identify the federal securities laws she seeks relief under.

20         Defendants argue that Plaintiff's federal securities law claim does not confer federal

21  question jurisdiction because Plaintiff "alleges a violation of nothing, based on alleged conduct

22  that does not address the elements of the securities laws, and obstructs the ability of each of the

23  four defendants to craft an Answer that responds to the issue of liability."  (Dkt. No. 21-1 at 9.)

24

1    Defendants hypothesize Plaintiff may have intended to assert a securities fraud claim which

2    requires: "(1) use[] of any manipulative or deceptive device; (2) scienter or wrongful state of

3    mind; (3) in connection with the purchase or sale of a security; (4) reliance by the purchaser on

4    the alleged manipulative or deceptive device; (5) economic loss; and (6) loss causation . . ." (Id.)

5    (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 341-2 (2005)).  Defendants argue

6    that Plaintiff fails to allege scienter and reliance by Plaintiff on any manipulative or deceptive

7    device with the requisite specificity required by the Private Securities Litigation Reform Act

8    ("PSLRA") and Federal Rule of Civil Procedure 9(b).  (Id.); see also Police Retirement System

9    of St. Louis v. Institute Surgical, Inc., 759 F.3d 1051, 1057-8 (9th Cir. 2014) ("A fraud claim

10   must satisfy both the pleading requirements of the PSLRA and the heightened pleading standard

11   of Rule 9(b).")

12          In her response, Plaintiff provides additional facts and argument addressing the elements

13   of a federal securities fraud claim set forth in Defendants' Motion to Dismiss. (Dkt. No. 25 at 3-

14   4.)  The Court assumes that this is the claim Plaintiff intended to plead.  Plaintiff argues that she

15   has sufficiently plead a federal securities fraud claim because "AppTech apparently had no intent

16   to consummate that transaction of securities and has never paid on the $25,000 promissory note"

17   and "[Plaintiff] relied on these representations in surrendering her promissory note, resulting in

18   monetary lost."  (Id.)  However, the Federal Rules do not permit a plaintiff to amend a complaint

19   through an opposition brief.  See Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989).

20          The Court need not decide whether the heightened pleading standard under Federal Rule

21   of Civil Procedure 9(b) applies to Plaintiff's federal securities fraud claim.  Plaintiff does not

22   describe the elements of her claim in her complaint; does not identify the statute or statutes that

23   she is seeking relief under; and does not allege facts showing Defendants had no intent to issue

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 7

1   the shares to her.  (Dkt. No. 1 at 5.)  Even under the more liberal pleading standard of Rule 8,

2   Plaintiff's complaint does not allege sufficient facts to show that her federal securities fraud

3   claim is plausible.  Iqbal, 556 U.S. at 678.

4          Because Plaintiff has not established the fact of diversity jurisdiction and has not

5   sufficiently plead a federal law claim, the Court does not have jurisdiction over this suit.

6   Accordingly, the Court GRANTS Defendants' Motion to Dismiss (Dkt. No. 21-1) and

7   DISMISSES all of Plaintiff's claims without prejudice.

8          The clerk is ordered to provide copies of this order to all counsel.

9          Dated this 31st day of October, 2014.

10

11          _____

            Marsha J. Pechman
12          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 8